UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

SHANE TAYLOR,

              Defendant.

**DECISION AND ORDER**

Case No. 1:11-cr-290-RJA-HKS

      Yesterday afternoon defendant Shane Taylor, a convicted sex offender, was brought before me for an initial appearance in response to an Amended Petition [109][1] charging him with violating various conditions of his supervised release, including failure to comply with the registration requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901), failure to follow the instructions of his probation officer, and possession of an internet capable device. I scheduled a further appearance before District Judge Richard J. Arcara (who originally sentenced Taylor) for April 2, 2025 at 9:00 a.m.

      Fed. R. Crim. P. ("Rule") 32.1(a)(6) states that on an initial appearance for violation of supervised release, "[t]he magistrate judge may release or detain the person under 18 U.S.C. §3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person", but Taylor has failed to satisfy that burden. Nevertheless, for the following reasons I conclude that I lack the authority to detain him pending further proceedings.

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

## DISCUSSION

Until recently, I had assumed that a Magistrate Judge had the authority to detain an individual charged with violating the conditions of supervised release pending a violation hearing before a District Judge, in accordance with the longstanding practice in this and other courts. However, for the reasons which I have discussed in United States v. Wade, 2025 WL 786383 (W.D.N.Y. March 12, 2025) and United States v. Clark, 2025 WL 875458 (W.D.N.Y. Mar. 21, 2025), I no longer believe that I have that authority.

I recognize that District Judge Meredith Vacca has reached the contrary conclusion (United States v. Malta, 09-cr-6018 [43]), and that District Judge Lawrence J. Vilardo is currently reviewing my decision in Wade. Nevertheless, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case". Camreta v. Greene, 563 U.S. 692, 709, n.7 (2011). Therefore, "I am obliged to give the matter presented to me for decision my best independent reading of applicable law, regardless of whether that reading accords with that of my superior[s]". Buffalo State Alumni Association, Inc. v. Cincinnati Insurance Co., 251 F. Supp. 3d 566, 574 (W.D.N.Y. 2017).

Without repeating in full my reasoning in Wade and Clark, I wish to emphasize a few points. The Non-Detention Act (18 U.S.C. §4001(a)) clearly states that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress". Whether or not Rule 32.1(a)(6) can be considered an "Act of Congress", it does not itself create the right to detain Taylor pending his appearance before Judge Arcara, because procedural rules

"do not provide substantive rights". New York News, Inc. v. Kheel, 972 F.2d 482, 486 (2d Cir. 1992); 28 U.S.C. §2072(b)".

Since the Rule specifies 18 U.S.C. §3143(a)(1) as the source of my authority to detain Taylor, I may not look elsewhere for that authority, even if it exists,[2] because "the mention of one thing implies the exclusion of another". Springfield Hospital, Inc. v. Guzman, 28 F.4th 403, 421 (2d Cir. 2022). See Schlagenhauf v. Holder, 379 U.S. 104, 121 (1964) (procedural rules "should not be expanded by disregarding plainly expressed limitations"); Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997) ("[t]he text of a rule . . . limits judicial inventiveness. Courts are not free to amend a rule"); E.E.O.C. v. Joe Ryan Enterprises, Inc., 281 F.R.D. 660, 663 (M.D. Ala. 2012) (courts must "interpret the Rules as they are written, not . . . re-draft them when it may be convenient"); 1 Moore's Federal Practice, §1.21[2] (Matthew Bender 3d ed. 2024( ("[a] Rule must be given its plain meaning; the text must be interpreted as it is written, without improving on it").

As discussed in Wade, 18 U.S.C. §3143(a)(1) does not (and cannot apply) to alleged violations of supervised release, because it requires the court to "order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . *be detained*, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" (emphasis added). Judge Arcara made no such finding in June 2015, when he ordered Taylor to be released under supervision once he completed ten years of incarceration[3] - nor could he have,

---

[2]   For the reasons discussed in Wade, I conclude that no such authority exists. While some have suggested resorting to 18 U.S.C. §3606, that section confers authority only to arrest an individual for production before the court initially, not to detain him or her thereafter.

[3]   *See* June 18, 2015 minute entry [47], Judgment [48] at 2, 3.

because at that time it would have been impossible to predict whether Taylor would pose a risk of flight or danger to the community ten years later. Thus, §3143(a)(1) does not apply here.

I recognize that it seems absurd to conclude that the drafters of Rule 32.1(a)(6) would refer to a statute which cannot grant the relief contemplated by the Rule. However, "the absurd results doctrine must be used sparingly because . . . [it] risks corrupting the separation of powers doctrine". 2A Sutherland Statutory Construction, §46:7 (7th ed.). For example, in Conroy v. Aniskoff, 507 U.S. 511, 515 (1993), the Court rejected the argument that the literal interpretation of statutory language would lead to an absurd result, reasoning that "a statute is to be read as a whole . . . the meaning of statutory language, plain or not, depends on context". The Court concluded that because "Congress included a [particular] requirement whenever it considered it appropriate to do so . . . its omission of any such requirement [elsewhere] was deliberate". Id. at 516.

That reasoning applies with equal force in this case. As discussed in Wade, where Congress wanted to authorize detention prior to a hearing, it did so. *See* 18 U.S.C. §3142(f), dealing with pretrial detention hearings: "[t]he hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance . . . . During a continuance, such person shall be detained".

It did not do so here. 18 U.S.C. §3583(3) conditions revocation of supervised release only where the court "finds by a preponderance of the evidence that the defendant violated a condition" of that release. Unlike §3142(f), does not authorize detention pending that determination. I may not fill that gap, for "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that

Congress acts intentionally and purposely in the disparate inclusion or exclusion". "Russello v. United States, 464 U.S. 16, 23 (1983).

## CONCLUSION

For the reasons discussed herein as well as in Wade and Clark, I conclude that I lack the authority to detain Taylor pending his violation revocation hearing before Judge Arcara. Accordingly, I deny the government's motion for pre-hearing detention, and order Taylor to be released, subject to his previously imposed conditions of supervised release.

However, in order to give the government an opportunity to seek further review, I will stay the effective date of this Decision and Order until Friday, March 28, 2025 at noon. Unless a further stay is obtained by that time, he shall be released from custody, pending his appearance before Judge Arcara.

**SO ORDERED.**

Dated: March 26, 2025

/s/_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge